**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>Maurice A Putman,<br>      Debtor.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST,<br>      Movant.<br>         v.<br>Maurice A Putman,<br>      Debtor/Respondent.<br>KENNETH E. WEST,<br>      Trustee/Additional Respondent. | Bankruptcy No. 24-13679-pmm<br><br>Chapter 13<br><br>Hearing Date: AUGUST 27, 2025<br>Hearing Time: 1:00PM<br>Location: 900 Market Street, Suite 204<br>Philadelphia, PA 19107, Courtroom 3 |

**MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST FORECLOSURE OF 311 ROBERTA AVE, UPPER DARBY, PENNSYLVANIA 19082**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST ("Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) of the United States Bankruptcy Code ("Code") for a modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. Maurice A Putman ("Debtor"), filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code ("Code") on October 15, 2024.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On September 15, 2006, Maurice Putman executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $103,000.00 in favor of Irwin Mortgage Corporation DBA IFC Mortgage Corp. A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded September 29, 2006 Instrument Number 2006091548 of the Public Records of Delaware County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 311 ROBERTA AVE, UPPER DARBY, PENNSYLVANIA 19082, (the "Property").

6. The parties entered into a Loan Modification ("Agreement") on June 19, 2018, creating a new principal balance of $129,952.48. A true and correct copy of the Agreement is attached hereto as Exhibit "C".

7. The loan was last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST and same recorded with the Delaware County Recorder of Deeds on June 27, 2025, at Instrument Number 2025022712. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D".

8. Secured Creditor is the holder of the note ("noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced

loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

9. Based upon the Debtor(s)' Chapter 13 First Amended Plan ("Plan") (at Docket No. 29), the Debtor intends to cure pre-petition payment arrears due Movant through the Chapter 13 Plan and remains responsible for remitting all post-petition payments directly to Movant. A true and correct copy of the First Amended Plan is attached hereto as Exhibit "D".

10. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $828.86 which came due from December 1, 2024 through April 1, 2025 and $891.51 which came due from May 1, 2025 through July 1, 2025 respectively, less no suspense. See Exhibit "E".

11. Thus, Debtor(s)' post-petition arrears total $6,818.83 through July 17, 2025. By the time of hearing on this motion, Debtor will also be obligated to make additional monthly payments that become due beyond the cure period alleged above.

12. As of July 17, 2025, the unpaid principal balance due under the loan documents is $86,433.28. Movant's total claim amount, itemized below, is $161,520.93. See Exhibit "F".

| | |
|---|---|
| Principal Balance | $86,433.28 |
| Interest | $11,099.73 |
| Pro Rata MIP/PMI | $17.17 |
| Escrow Advance | $15,502.44 |
| Suspense Balance | ($828.86) |
| Fees | $15.00 |
| Accum Late Charges | $285.00 |
| Recoverable Balance | $10,011.43 |
| Deferred Principal | $38,985.74 |
| Total to Payoff | $161,520.93 |

13. Debtor(s)' docketed schedules list the value of the Property as $172,000.00. A true and accurate copy of Debtor(s) Schedule A/B is attached hereto as Exhibit "G".

14. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged property.

15. As set forth herein, Debtor defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.

16. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.

17. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.

18. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER

TRUSTEE FOR RCAF ACQUISITION TRUST to take any and all steps necessary to exercise any and all rights it may have in the collateral property described herein, gain possession of said collateral property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date: July 24, 2025

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Michelle L. McGowan
Michelle L. McGowan
Email: mimcgowan@raslg.com

## **VERIFICATION**

I hereby declare (or certify, verify, or state) under penalty of perjury pursuant to 28 U.S.C. § 1746 that the statements in the foregoing [Motion/Objection] are true and correct to the best of my information, knowledge and belief.

Executed on (insert date) at (insert location).

Mortgage Company Name

_____
(Print Name and Title)

_____ (Signature)