**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>Maurice A. Putman,<br>     Debtor.<br><br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST,<br>     Movant.<br>          v.<br>Maurice A. Putman,<br>     Debtor/Respondent,<br>KENNETH E. WEST,<br>     Trustee/Additional Respondent. | Bankruptcy No. 24-13679-pmm<br><br>Chapter 13 |

## CREDITOR'S CERTIFICATION OF DEFAULT

I, Michelle L. McGowan, Esquire, attorney for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST, ("Plaintiff"), certifies as to the following:

1. I am an attorney for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST, and am duly authorized to make this certification.

2. On September 18, 2025, a Stipulation (at Docket Entry No. 49) and on September 23, 2025, an Order Approving the aforementioned Stipulation (at Docket Entry No. 50) were entered, that required the Debtor to make certain payments to Plaintiff to cure specified

arrearages and maintain future accruing payments. *see* Composite Exhibit "A"..

3. On December 10, 2025, Plaintiff, through counsel, served on Debtor, Debtor's attorney, and the Chapter 13 Trustee a Notice of Default setting forth that Debtor was in default of the provisions of the Stipulation. *see* Exhibit "B".

4. The December 10, 2025, Notice of Default provided that $3,086.24 was required from Debtor(s) to cure the default.

5. The Notice of Default further provided that if either the Debtor or the Trustee did not, within fifteen (15) days of the service of the Notice of Default, either cure the default, file an Objection stating that no default exists, or file an Objection stating any other reason why a relief Order should not be entered, Plaintiff could submit a Certification stating that it has complied with the notice requirements of the Order and that the Court may grant relief from the automatic stay without further notice to Debtor, and that, if granted such relief, the real property located at 311 Roberta Avenue, Darby, PA 19023 may be foreclosed and/or sold at Sheriff Sale.

6. Neither the Debtor nor the Trustee has cured the default, filed an objection with the Court stating that no default exists, or filed an objection with the Court stating any other reason why an order granting relief from the automatic stay should not be entered.

7. Therefore, based on the foregoing, in accordance with the terms of the Order Approving Stipulation entered on September 23, 2025, Plaintiff is entitled to relief from the automatic stay as to the real property located at 311 Roberta Avenue, Darby, PA 19023,

Date: 01/29/2026

                                                       Robertson, Anschutz, Schneid, Crane & Partners, PLLC
Attorneys for Secured Creditor
13010 Morris Rd, Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7113
By: /s/ Michelle L. McGowan
Michelle L. McGowan
Email: mimcgowan@raslg.com